## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| RONALD CICERON | : | **CIVIL ACTION** |
|---|---|---|
| | : | |
| v. | : | **NO. 24-5435** |
| | : | |
| **JASEN BOHINSKI, THE DISTRICT** | : | |
| **ATTORNEY OF THE COUNTY OF** | : | |
| **PHILADELPHIA, THE ATTORNEY** | : | |
| **GENERAL OF THE STATE OF** | : | |
| **PENNSYLVANIA** | : | |

## ORDER

**AND NOW**, this 12th day of January 2026, upon careful and independent review of the incarcerated Ronald Ciceron's pro se Petition for *writ of habeas corpus* under 28 U.S.C. § 2254 (ECF 2), the Commonwealth's Response (ECF 20), Judge Arteaga's December 15, 2025 comprehensive Report recommending we deny the Petition (ECF 22) after finding the Petition is untimely and Mr. Ciceron offered no basis for equitable tolling, noting Mr. Ciceron did not timely object to Judge Arteaga's Report, and for good cause after separately reviewing the untimely nature of Petition contrary to Congress's mandate and also finding no basis to find principles of equity make the rigid application of the 365-day limitation period unfair nor finding a credible showing of actual innocence, it is **ORDERED** we:

1. **APPROVE AND ADOPT** Judge Arteaga's comprehensive Report and Recommendation (ECF 22);

2. **DISMISS AND DENY** the Petition for *writ of habeas corpus* (ECF 2) with prejudice;

3.   **DENY** a certificate of appealability;[1] and,

4.   **DIRECT** the Clerk of the Court shall **close** this case.

**KEARNEY, J.**

---

[1] We find no basis for a certificate of appealability. A certificate of appealability may issue only if Mr. Ciceron makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Ciceron satisfies this standard by showing "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists could not disagree with our determination Mr. Ciceron's claims are untimely, there is no basis for equitable tolling, and no new credible evidence of his actual innocence as thoroughly addressed by Judge Arteaga.